JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Smart Pages ("Smart Pages") appeals from the judgment of the trial court, which dismissed its case against defendant-appellee Ohio Mortgage Company ("Ohio Mortgage") for lack of jurisdiction. For the reasons set forth below, we dismiss the appeal for lack of a final appealable order.
 {¶ 2} In January of 2002, Smart Pages initiated a breach of contract proceeding against Ohio Mortgage to collect for advertising services it had provided in its telephone directory. A forum selection clause in the contract between Smart Pages and Ohio Mortgage provided that all disputes related to the agreement were to be resolved by non-jury trial in the county of the publisher's principal office. On appeal, Smart Pages concedes that its principal office is in Florida. However, Smart Pages filed its breach of contract claim in the Cuyahoga County Court of Common Pleas in Ohio where Ohio Mortgage resides.
 {¶ 3} In March of 2002, Ohio Mortgage filed its answer and counterclaim and in July of 2002, filed an amended counterclaim and a motion to certify a class. Both parties conducted discovery and in March of 2003, the trial court dismissed, as a discovery sanction, Ohio Mortgage's amended counterclaim. In May of 2003, Ohio Mortgage filed a motion to dismiss the case for lack of jurisdiction based on the forum selection clause. The trial court granted the motion and dismissed the action without prejudice. It is from this ruling that Smart Pages now appeals, asserting one assignment of error for our review. We decline to address Smart Pages' assignment of error, however, as the order from which it appeals is not a final, appealable order. The Ohio Constitution confers upon appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Section 3(B)(2), Article IV, Ohio Constitution. A final order is defined, in relevant part, as:
 {¶ 4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; and
 {¶ 5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; * * *." This court has previously held that a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible. Benaco Tooling, Inc. v. Bancorp Holdings,Inc. (Mar. 21, 1996), Cuyahoga App. No. 69015 citing In re Mary Beth v.Howard (Dec. 22, 1994), Cuyahoga App. No. 66748. A dismissal of an action without prejudice leaves the parties in the same position as if the plaintiff had not commenced the action. Westerhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605. Where an action may be refiled, the litigation has not been brought to an end on the merits. Id. In this case, despite the trial court's ruling, the appellant is not precluded from filing once again in the Court of Common Pleas. Accordingly, no substantial right has been affected and the litigation has not been brought to an end on its merits. Therefore, the trial court's order is not a final appealable order that this court has jurisdiction to review.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellees and appellant share equally their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., concurs.
Michael J. Corrigan, P.J., concurs.