ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, the briefs and oral argument of counsel.
 {¶ 2} Appellant Elizabeth Semenchuck brought this action on November 28, 2003 in Cuyahoga County Common Pleas Court alleging breach of contract for failure to pay wages against appellee MHSP, Inc. Appellee filed a motion to dismiss due to lack of subject matter jurisdiction, relying on paragraph 13 of the contract, which states in part, "[a]ny dispute that arises between the parties hereto pursuant to this Agreement shall be litigated in the Supreme Court of the State of New York * * *." The court granted appellee's motion to dismiss and appellant appealed, claiming the trial court erred in ruling that it had no jurisdiction and that appellant was denied due process of law.
 {¶ 3} We decline to address appellant's assignments of error, as the order from which she appeals is not a final, appealable order. The trial court's dismissal entry stated "[t]his court lacks jurisdiction and thus this case is dismissed without prejudice." We have previously held that "a dismissal without prejudice is not a final determination of the rights of the parties and does constitute a judgment or final order when refiling or amending of the complaint is possible." Smart Pages v. OhioMortgage, Cuyahoga App. No. 83004, 2003-Ohio-7074, at ¶ 5 (citations omitted). Furthermore, although we express no opinion on the merits of the underlying case, we would direct the parties to Four SeasonsEnterprises v. Tommel Financial Services, Inc. (Nov. 9, 2000), Cuyahoga App. No. 77248, where we held the appropriate response of a trial court to a valid forum selection clause is to stay the case for sixty days pursuant to Civ.R. 3(D).
 {¶ 4} Case dismissed.
 {¶ 5} This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate be sent to Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Calabrese, JR., J., concur.
(*SITTING BY ASSIGNMENT: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)