JOURNAL ENTRY and OPINION
{¶ 1} Appellant Michael DiCorpo appeals the trial court's order that dismissed his action, which raised claims of breach of contract, age discrimination, and wrongful discharge against appellee Michael Kelley and Kelley's law firm.
 {¶ 2} Appellees have filed a motion to dismiss this appeal for lack of a final, appealable order. Although this court initially denied the motion, it has permitted them to file a "reply" in further support of the motion. Appellees' motion is granted.
 {¶ 3} The trial court's order indicates that the dismissal in this case was one for lack of jurisdiction over the subject matter of the complaint. The trial court stated a Florida court already had acquired jurisdiction over the claims raised.
 {¶ 4} Pursuant to Civ.R. 41(B)(4), a dismissal for lack of subject matter jurisdiction is one other than on the merits, i.e., without prejudice. A dismissal without prejudice is not a final appealable order, and this court lacks jurisdiction to consider an appeal from a non-final order. R.C. 2505.02. This identical issue previously has been addressed in Century Business Services, Inc. v. Bryant, Cuyahoga App. Nos. 80507, 80508, 2002-Ohio-2967; its decision, therefore, is determinative of this case.
 {¶ 5} Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. Concurs
 Blackmon, A.J. Dissents (see separate dissenting opinion)
 DISSENTING OPINION