**PREFERRED CAPITAL, INC., Appellant,**

v.

**STRELLEC et al., Appellees.**

[Cite as *Preferred Capital, Inc. v. Strellec,* 161 Ohio App.3d 346, 2005-Ohio-2607.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 85706, 85707, 85723, 85731, 85732, 85733, 85743, 85744, 85745, 85776 and 85777.

Decided May 26, 2005.

Roderick Linton L.L.P., Tamara A. O'Brien, Jason E. Hickman, and David S. Nichol, for appellant.

Kehoe & Associates, Robert D. Kehoe, and Gretchen T. Seymour, for appellee Thomas E. Strellec Jr.

Sutter, O'Connell, Mannion & Farchio, Matthew C. O'Connell, Victoria D. Barto, and Brian V. Loprinzi, for appellees Sterling Asset & Equity North State Environmental, Inc., Comptrol International Sales Corporation, Flexco Converters USA, Inc., Maple Lane Pest Control, and Richard Meyers Associates, Inc.

Mark S. Shearer, for appellee Interscience, Inc.

John P. Malone Jr., for appellee J & E Truck Leasing, Inc.

Gregory R. Glick, L.L.C., and Gregory R. Glick, for appellee DSC Associates, Inc.

Philip D. Althouse, for appellees Percario Home Center, Inc.

Dykema Gossett PLLC, Edward A. Groobert, and Judy P. Jenkins, for amicus curiae Equipment Leasing Association of America, Inc.

Thomas F. Reilly, Massachusetts Attorney General, Karlen J. Reed, Scott D. Schaefer, and Geoffrey G. Why, Assistant Attorneys General, for amicus curiae Attorneys General of Connecticut, Florida, Illinois, Louisiana, Massachusetts, Michigan, New York, Ohio, Pennsylvania, Rhode Island, South Dakota, and Texas.

---

Rocco, Judge.

{¶ 1} We have no jurisdiction to review the common pleas court's decisions in these consolidated cases. Accordingly, we dismiss these appeals.

{¶ 2} Appellant, Preferred Capital, Inc. ("Preferred"), is the assignee of the lessor's rights under a series of commercial-equipment-rental agreements. It filed these actions to recover rental payments it alleges are due from the lessees. Preferred, whose own offices are located in Brecksville, Ohio, filed these actions in the Cuyahoga County Common Pleas Court. The defendants are variously located in other states and commonwealths.[1]

{¶ 3} In each case, the defendants filed a motion to dismiss for lack of personal jurisdiction. They all contended that the forum-selection clause contained in the rental agreement was unenforceable.[2] The common pleas court granted these motions and dismissed the cases for lack of personal jurisdiction.

{¶ 4} Preferred appealed each of those judgments. The cases were consolidated for briefing, hearing, and disposition before this court.

---

1. Pennsylvania, Florida, New Jersey, North Carolina, Connecticut, Michigan, and Georgia.

2. In addition, most of the defendants argued that they did not have sufficient contacts with Ohio to otherwise establish personal jurisdiction. Some defendants also argued that Cuyahoga County, Ohio was not a proper venue or was not a convenient forum.

{¶ 5} Before these appeals were consolidated, appellees in Appeal No. 85777 moved the court to dismiss for lack of a final, appealable order. After the consolidation, appellees in the remaining appeals filed a joint motion to dismiss on the same basis. These motions were referred to the merit panel for decision.

{¶ 6} Pursuant to R.C. 2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 13} "(5) An order that determines that an action may or may not be maintained as a class action."

{¶ 14} Plainly, an order dismissing a case for lack of personal jurisdiction does not meet the criteria of section (B)(2), (3), (4), or (5). It does not vacate or set aside a judgment or grant a new trial, nor does it determine whether the action can be maintained as a class action. Dismissal of the entire action cannot be considered the grant or denial of a provisional remedy. Finally, an action for breach of contract is not a "special proceeding."

{¶ 15} Thus, the only issue for our determination is whether the court's order "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Pursuant to Civ.R. 41(B)(4)(a), a dismissal for lack of jurisdiction over the person operates as a failure "otherwise than on the merits." A dismissal without prejudice does not "determine the action" or "prevent a judgment" because it leaves the parties in the same position as if the plaintiff had not commenced the action. Therefore, it is not a final, appealable order. See, e.g., *DiCorpo v. Kelley*, Cuyahoga App. No. 84609, 2005-Ohio-1863, 2005 WL 926972, ¶ 4; *Semenchuck v. MHSP, Inc.*, Cuyahoga App. No. 84614, 2005-Ohio-32, 2005 WL 23362, ¶ 3; *Smart Pages v. Ohio Mtge.*, Cuyahoga

App. No. 83004, 2003-Ohio-7074, 2003 WL 23010083, ¶ 5; *Century Business Serv., Inc. v. Bryant,* Cuyahoga App. Nos. 80507, 80508, 2002-Ohio-2967, 2002 WL 1307400, ¶ 15.

{¶ 16} We are keenly aware of the plethora of cases deciding appeals from orders dismissing cases for lack of personal jurisdiction. See, e.g., *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987; *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477; *Barrett v. Picker Internatl., Inc.* (1990), 68 Ohio App.3d 820, 589 N.E.2d 1372. The question whether the order was final and appealable was not raised or decided in those cases.

{¶ 17} We found only one case in which the issue was directly addressed by this court, *Am. Office Serv., Inc. v. Sircal Contracting, Inc.,* Cuyahoga App. No. 82977, 2003-Ohio-6042, 2003 WL 22672184, ¶ 8, where the court held:

{¶ 18} "Although a grant of a Civ.R. 12(B)(2) motion is considered a disposition otherwise than on the merits, the dismissal is, nevertheless, final under R.C. 2505.02. The order prevents further litigation in Ohio and, therefore, the denial of personal jurisdiction must be considered either an order that 'prevents a judgment' or an order that grants a 'provisional remedy' and satisfies finality requirements. If the order were considered not final, no litigant would be able to appeal the grant of Civ.R. 12(B)(2) motion to dismiss."

{¶ 19} We disagree with this analysis. First, it fails to address the substantial case law holding that a dismissal without prejudice is not a final, appealable order.[3] Second, the determination that the order "prevents a judgment" simply because it may prevent a judgment on the merits in *Ohio* reflects an undeserved lack of confidence in our sister courts in other states and reaches beyond the terms of R.C. 2505.02. If the legislature had meant to say "prevents a judgment *in Ohio,*" it certainly could have done so. The court's complaint that if the order is not considered final, litigants will not be able to appeal dismissals for lack of personal jurisdiction is a mere tautology, not reasoned analysis. Faced with the conflict between *Am. Office Serv.,* on the one hand, and *DiCorpo, Semenchuck, Smart Pages, Century Business Serv.* and many others on the other, we are

---

**3.** We are unsure what the court meant by its suggestion that a dismissal without prejudice might be final and appealable as the grant or denial of a "provisional remedy." We can assume only that this suggestion is an outgrowth of the analysis in *Overhead, Inc. v. Standen Contracting* (Mar. 11, 2002), Lucas App. No. L–01–1397, 2002 WL 398342, in which the court found that the grant of a 60–day stay for the purpose of allowing plaintiff to refile in another jurisdiction, after which the case would be dismissed for lack of venue, was an appealable grant of a provisional remedy. Whatever the status of a stay of proceedings may be, however, a dismissal is not ancillary to the action and therefore is not a "provisional remedy."

compelled to follow the great weight of authority that an involuntary dismissal without prejudice is not a final, appealable order.

{¶ 20} "We should prefer to reach the merits of [these] case[s], * * *. We agree with the court in *Stafford* [*v. Hetman* (June 4, 1998), Cuyahoga App. No. 72825, 1998 WL 289383], supra, that reviewing dismissals without prejudice 'may be desirable, since absent appellate review trial courts would have carte blanche in dismissing matters as long as they did so without prejudice.'" *Van–Am. Ins. Co. v. Schiappa* (Apr. 29, 1999), Jefferson App. Nos. 97–JE–42 and 97–JE–46, 1999 WL 260904. However, we are constrained by the jurisdiction given to us by the Ohio Constitution and the legislature. Therefore, we must dismiss these appeals.

Appeals dismissed.

CELEBREZZE, P.J., concurs.

GALLAGHER, J., concurs in judgment only.