NATIONAL CITY COMMERCIAL CAPITAL CORPORATION, APPELLEE,
*v.* AAAA AT YOUR SERVICE, INC., ET AL., APPELLANTS.

[Cite as *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.,* 114 Ohio St.3d 82, 2007-Ohio-2942.]

(No. 2006–0169—Submitted November 14, 2006—Decided July 5, 2007.)

PFEIFER, J.

{¶ 1} The Twelfth District Court of Appeals certified this case as a conflict pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25. It found its judgment to be in conflict with the judgment of the Eighth District Court of Appeals in *Preferred Capital, Inc. v. Strellec,* 161 Ohio App.3d 346, 2005-Ohio-2607, 830 N.E.2d 403. The certified question is "[w]hether a dismissal other than on the merits which prevents re-filing in the trial court is a final, appealable order." For the reasons that follow, we conclude that such a dismissal is a final, appealable order.

{¶ 2} Appellants are various small businesses, nonprofit organizations, and associated individuals located in states other than Ohio. These entities contracted with NorVergence, Inc., a New Jersey telecommunications company, for landline, cellular telephone, and high-speed Internet services. The contracts included five-year equipment rentals for the hardware necessary to access the various services. NorVergence assigned appellants' contracts to appellee, National City Commercial Capital Corporation ("National City"). After the contracts were assigned, NorVergence failed to provide the services it had agreed to provide.

{¶ 3} NorVergence was forced into bankruptcy by its creditors. Many of NorVergence's customers refused to pay the contract price because they did not receive services. The present case arose when National City filed lawsuits against appellants seeking payments owed under the contracts which had been assigned to it.

{¶ 4} Claiming that the forum-selection clause contained in the contracts provided the Butler County Court of Common Pleas with jurisdiction, National City filed suit in that court. Appellants filed motions to dismiss, claiming that Ohio did not have personal jurisdiction over them. The trial court granted these motions to dismiss, and National City appealed. Appellants moved to dismiss the

appeal, arguing that the trial court's dismissal for lack of personal jurisdiction was not a final, appealable order. The court of appeals denied the motion to dismiss and determined that the trial court's dismissal was a final, appealable order. The court of appeals certified its decision as in conflict with *Preferred Capital*, 161 Ohio App.3d 346, 2005-Ohio-2607, 830 N.E.2d 403.

{¶ 5} R.C. 2505.02 defines a final order for purposes of appeal. Under R.C. 2505.02(B)(1), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 6} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). For purposes of this case, we will assume that the trial court's dismissal for lack of personal jurisdiction deprived National City of a substantial right—the right to seek enforcement of its contract with appellants.

{¶ 7} To be final, however, "an order must also determine an action and prevent a judgment." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, citing *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 528 N.E.2d 195, syllabus; R.C. 2505.02(B)(1). "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260. See *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 20.

{¶ 8} The trial court ruled that "[n]o evidence has been presented here from which the court may conclude that this defendant is subject to jurisdiction in the Ohio courts pursuant to R.C. 2307.382 and/or Civil Rule 4.3." By rule, a dismissal for lack of personal jurisdiction "operate[s] as a failure otherwise than on the merits." Civ.R. 41(B)(4)(a). Ordinarily, a dismissal "otherwise than on the merits" does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order. In this case, however, National City cannot refile. In essence, a final judgment has been rendered against National City because the cause has been disposed of and there is nothing left for the determination of the trial court. See *Hamilton Cty. Bd. of Mental Retardation*, 46 Ohio St.3d at 153, 545 N.E.2d 1260.

{¶ 9} National City has a contract that it is seeking to enforce, but upon a determination that the trial court lacks personal jurisdiction over the defendant, National City is prevented from enforcing that right. If the trial court's decision

is not final and appealable, National City is prevented even from challenging the trial court's decision to dismiss its case. The injustice of this result is manifest and is proven by a simple example. Suppose a person who had never been in a state other than Ohio or a country other than the United States sued another person who had never been in a state other than Ohio or a country other than the United States, and suppose further that the trial judge dismissed the case for lack of personal jurisdiction. According to the rule of law proposed by the appellants, the losing party would have no right to appeal—not in Ohio, not in another state, not in another country. Such a rule of law cannot stand.

{¶ 10} Parties that believe an Ohio court has wrongly asserted jurisdiction over them have a right of appeal. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541, citing *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 597 N.E.2d 116, and *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945 ("Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction"). See *State ex rel. Toma v. Corrigan* (2001), 92 Ohio St.3d 589, 594, 752 N.E.2d 281; *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311–312, 695 N.E.2d 751. It is not logical to allow a party that believes a court wrongly asserted jurisdiction to appeal but to prevent a party that believes a court wrongly did not assert jurisdiction from appealing.

{¶ 11} Although it is not common for us to review cases that have been dismissed other than on the merits, we have done so when—as in this case—justice so requires. See *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 453 N.E.2d 648 ("The primary objective and function of our courts is to adjudicate cases on the merits * * *, not to adjudicates cases with finality upon a strained construction of procedural law yielding unjust results"). In *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 5, we reviewed a case in which the trial court had sustained "motions to dismiss for lack of personal jurisdiction." In *Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987, we reviewed a dismissal based on a lack of personal jurisdiction. In *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, we reviewed a dismissal based upon the doctrine of forum non conveniens.

{¶ 12} In *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 56 O.O.2d 179, 272 N.E.2d 127, this court stated in paragraph one of the syllabus: "A judgment of a trial court sustaining motions to quash service of summons and dismissing defendants as parties to the action is a final appealable order." We

concluded that even though the motion to quash service was not a decision on the merits, it nevertheless was determinative of the action because, in sustaining the motion to quash, the trial judge also dismissed the defendants and thereby "disposed of the cases." Id. at 306, 56 O.O.2d 179, 272 N.E.2d 127. Our conclusion was based on the rationale that a "court making an order which is not final is thereby retaining jurisdiction for further proceedings." Id. The trial court in *Lantsberry* did not retain jurisdiction, and the dismissal otherwise than on the merits was considered a final, appealable order. In this case, we reach the same result. Even though the trial court's dismissal of the action against the appellants, for lack of personal jurisdiction, is otherwise than on the merits, the trial court did not retain jurisdiction, and the dismissal is a final, appealable order.

Judgment affirmed
and cause remanded.

Moyer, C.J., Calabrese, Lundberg Stratton, O'Connor and Lanzinger, JJ., concur.

O'Donnell, J., dissents.

Anthony O. Calabrese Jr., J., of the Eighth Appellate District, was assigned to sit for Resnick, J., whose term ended on January 1, 2007.

Cupp, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

**O'Donnell, J., dissenting.**

{¶ 13} Respectfully, I dissent. I believe that the trial court order dismissing this action pursuant to Civ.R. 12(B)(2), without prejudice and not on the merits, is not a final, appealable order.

{¶ 14} The law with respect to final, appealable orders emanates from Section 3(B)(2), Article IV, Ohio Constitution, which states that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals within the district." (Emphasis added.) The legislature, in turn, enacted R.C. 2505.02(B)(1), which provides that an order is final and appealable when it "affects a substantial right in an action that in effect *determines the action and prevents a judgment*." (Emphasis added.) Moreover, as this court explained in *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260, "[f]or an order to determine the action and prevent a judgment for the party appealing, it must

dispose of *the whole merits of the cause* or some separate and distinct branch thereof and leave nothing for the determination of the court." (Emphasis added.)

{¶ 15} In the matter before us, the trial court, pursuant to Civ.R. 12(B)(2), dismissed the breach-of-contract actions that National City Commercial Capital Corporation filed against 129 businesses located outside the state of Ohio, stating that it lacked personal jurisdiction over those parties. Consistent with Civ.R. 41(B)(4)(a), which provides that a dismissal for lack of personal jurisdiction "operate[s] as a failure otherwise than on the merits," it is my view that the trial court never reached the merits of National City's breach-of-contract claims against those entities.

{¶ 16} Contrary to the holding of the majority, the trial court order does not prevent National City from obtaining a judgment on its causes of action for breach of contract against those business entities because it is not prevented from refiling the same claims against the same defendants in a court of competent jurisdiction, in Ohio or elsewhere.

{¶ 17} As a result of the dismissals for lack of personal jurisdiction, the court has neither disposed of the whole merits of these actions nor determined the action or prevented a judgment. See, e.g., *Preferred Capital, Inc. v. Strellec,* 161 Ohio App.3d 346, 2005-Ohio-2607, 830 N.E.2d 403, ¶ 19, wherein the appellate court stated that "the determination that the order 'prevents a judgment' simply because it may prevent a judgment on the merits in *Ohio* reflects an undeserved lack of confidence in our sister courts in other states and reaches beyond the terms of R.C. 2505.02. If the legislature had meant to say 'prevents a judgment *in Ohio,*' it certainly could have done so." (Emphasis sic.) See, also, *Smart Pages v. Ohio Mtge.,* Cuyahoga App. No. 83004, 2003-Ohio-7074, 2003 WL 23010083. Moreover, the order does not bar National City from refiling on its causes of action in an Ohio court, as long as it can demonstrate an appropriate basis for the exercise of personal jurisdiction over the entities it intends to pursue.

{¶ 18} I do not agree with the majority's conclusion that the consequence of authorizing a party to seek appellate review from a trial court order exercising personal jurisdiction but not from a trial court order declining personal jurisdiction is unjust and illogical. Such a result is neither unjust nor illogical because, as in this case, the order does not prevent the claimant from refiling its action in a court that has personal jurisdiction over a defendant and that has the ability to reach the merits of the claims presented.

{¶ 19} Because the order dismissing these actions for lack of personal jurisdiction and without prejudice is a failure other than on the merits, it did not determine the action and prevent a judgment on the causes of action against the

business entities. See R.C. 2505.02(B)(1). Accordingly, the order is not final and appealable, and I would reverse the judgment of the court of appeals.

---

Coley & Associates Co., L.P.A., William P. Coley II, and Susan K. Cliffel, for appellee.

Strauss & Troy, L.L.P., Matthew R. Chasar, and John M. Levy, for appellants Carolina Seals, Inc., Arnott Motley II, Garden Title Corporation, and Abbie Salt.

Lutz, Cornetet, Meyer & Rush and Jennifer R. Harlow, for appellants Bee Electrical, Inc., Century 21 Royal, Gemini Scientific, Inc., Masterson Appraisal Service, Inc., North American Screw Products, Rainbow Mealworms, Inc., Red Ribbon Bakeshop, Inc., Reynolds Tile and Floorings, Inc., Steico U.S.A. Corp., and Woodland Competitive Basketball League.

Mark S. Shearer, for appellants AAAA At Your Service, Inc., Allen Akbar Ali, All About Limousines, Bauer Industries, Boyd, Franz & Stephens, L.L.P., Caris & Company, Delta Electric Company, Inc., Dixie Packing, Doran Realty, East Bay, Flexone, General Power Limited, Inc., Gomez Construction Company, Henry J. Austin Health Center, Inc., J.M. Construction, Kenneth Campbell Designs, Inc., Kenway Consultants, Kurkowski, M.L. McDonald Sales Co., Inc., Machines Metals Co., Inc., Master Craft, McCutcheon Apple, MCN Group, MEA Group, Med Care, Mr. Roofing, Norvida, Plants Alive, Reelcology, S & S Overseas, Inc., Strawberry Stitch Company, T & T Investments and Trading Corp., Tecrep, and USA Transportation.

Millikin & Fitton Law Firm, Steven A. Tooman, and Michael A. Fulton, for appellants Ace Air Conditioning and Appliance Co., Inc., Architects and Planners, Inc., Betty Geane, Inc., Brettmun Corp., Champion Enterprises, Inc., Chandler Foods, Inc., Depaper Associates, Inc., Durst Broker, Inc., Jewell Electrics, Inc., Lasalle Appraisal Group, Inc., Max Impressions, Inc., Neurolink, Ltd., Poltex Tile, Inc., Gary S. Robertson, Rose Garden Flowers & Gifts, and Specialized Cargo Haulers, Inc.

Fiehrer & Lane Co., L.P.A., and Stephen C. Lane, for appellants Alamia, Inc., Jerome Anderson, Basic Janitorial Supply, Inc., Beskin & Pesciotta, Biomedical, Bulldog Fence, Inc., Caddy Company, Daniel G. Campbell, Colonial Wood Training Center, Weston Cotton, Electrical Energy Systems, Inc., ESA Technical, Evans and Lewis, Four Lakes Golf Club, Ltd., Ice Cap, Inc., Industrial Wholesalers, International Travel Center, Kale's Moda International, Inc., Kenjes Corporation, L.T.T. International, LaPierre Cabinetry, Lasercam, L.L.C., LGP Promotions, Lu and Weber, Management Recruiters Garland, McCormick Paint

Works, N–Line Traffic Maintenance, Newton T & M Corporation, Orange County Retina Group, Phones, Phones, Phones, Inc., R.E. Goodspeed & Sons Dist., Reil Insurance, Rhythm Net, Rice's Concrete Pumping, Rick's Motorsports, Spatial Data Sciences, Sportsmen of Stanislaus, Stuart Appraisal Co., Inc., Unlimited Environmental, and Veterinary House Calls Service PA.

William Ruben Acosta, David A. Domzal, and Jose–Carlos Villanueva, for appellant Automotive Support Group, L.L.C.

Mark Hardig, for appellant Auto Man Transmission.

Cohen, Todd, Kite & Stanford, L.L.C., and Donald John Rafferty, for appellants Blue Mountain Woodworking, Inc., and Evergreen Properties, Inc.

Victoria Daiker, for appellants Enduracolor Hardwood Flooring, Inc., and Twain Billiards, Inc.

David Davidson, for appellants Etowah Decorating Center, Inc., and Holleman Construction Co.

Thomas R. McGuire, for appellants Jerry Bullard and Southwest Pool Management.

The Law Offices of Steven R. Hicks, Inc., and Steven R. Hicks, for appellant Hilliards Air Conditioning and Heating, Inc.

J. Timothy Riker, for appellants Horizon Staffing, Inc., and Meadowlark Field Services, Inc.

Daniel Wenstrup, for appellant Lair Swanson, Inc.

Trenz, McKay & Knabe Co., L.P.A., and Alan Trenz, for appellant Lost Valley Ranch Corp.

Jesse Lipcius and Jason Treherne, for appellant Master Tool Company, Inc.

Ronald J. Kozar, for appellants North American Land Trust and Pine Point, L.L.C.

Patricia Downing, for appellant Palm Beach Tours and Transp.

Beckman Weil Shepardson, L.L.C., and Richard Hopple, for appellant Pasadena Community Church, Inc.

Bagley & Langan, P.L.L.C., and Patrick Bagley, for appellant Powell & Assoc., Engineers.

Davidson, Adams & Creach Co., L.P.A., and Larry H. Creach, for appellant Rees Contract Service, Inc.

Michael D. Hon, for appellants Say Trade, Watson & Cochran, Inc., and Wizard Technologies, Inc.

Angela Jackson, for appellant Shaffran Companies, Ltd.

Barron, Peck, Bennie & Schlemmer, L.P.A., and Michael Barron, for appellant South Tampa Homes, Inc.

Norbert Doellman Jr., for appellant SQV Technologies.

Brannon & Associates and Dwight D. Brannon, for appellant Machined Metals Co., Inc.

William D. Bell, for appellant Vision Health Management.