JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Petitioner-appellant K.B. ("aunt") appeals from a court of common pleas, juvenile division order dismissing her complaint for legal custody of six-year-old S.K. ("child") on grounds that she did not submit a proper affidavit as required by R.C. 3127.23. The aunt argues that (1) the court erred by finding her affidavit insufficient to invoke the court's jurisdiction and (2) that her attorney's failure to provide a proper affidavit amounted to ineffective assistance of counsel. We conclude that we lack jurisdiction to hear this appeal because the court stated that its dismissal was without prejudice. We therefore dismiss the appeal.
 {¶ 2} The aunt filed her complaint for neglect and legal custody in August 2006. In an affidavit filed pursuant to R.C. 3127.23(A),[1] the aunt averred that the child's mother, appellee L.K. ("mother"), lives in Arkansas, has a lengthy history of mental illness and currently suffers hallucinations, delusions and paranoid ideation. The aunt alleged that the mother has refused treatment for her mental illness and, as *Page 4 
a consequence, has serious lapses of supervision over the child. The aunt stated that she had been hosting the child in Ohio on an extended visit and, as the visit came to an end, the child begged not to be returned to the mother.
 {¶ 3} The aunt filed an affidavit that did not comply with any of the requirements of R.C. 3127.23(A): it did not detail any past proceedings concerning the allocation of parental rights and responsibilities for the child. The court placed the child in the aunt's temporary custody and set the matter for an adjudicatory hearing. The court also stated that "affiant through counsel is granted leave to amend her complaint to include her UCCJEA affidavit within five (5) days of the journalization order."
 {¶ 4} When the court convened the adjudicatory hearing, the mother objected to the court's jurisdiction on grounds that the aunt had failed to file an affidavit that conformed with the current statute. It appears that the aunt filed an affidavit based on the UCCJA, not the UCCJEA. The aunt told the court that she inadvertently omitted a page from the affidavit and that on the day of the hearing, she spoke with court staff in an effort to obtain the correct affidavit. She told the court that the affidavit conformed in substance with the statute, and asked for leave to amend the affidavit. The court denied leave and granted the motion to dismiss, stating:
 {¶ 5} "[U]pon its careful review [the court] finds that the statements made in the affidavit were made pursuant to law that existed prior to April 11, 2005, and were not in accordance with the jurisdictional requirements as set forth under Senate Bill *Page 5 
185 on or after April 11, 2005, as required by the Uniform Child Custody Enforcement Act."
 {¶ 6} The court specified that its dismissal was "without prejudice."
 {¶ 7} Civ.R. 41(B)(3) states that a dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." The court specified that the dismissal was without prejudice. A dismissal without prejudice constitutes "an adjudication otherwise than on the merits" with no res judicata bar to refiling the suit. Thomas v. Freeman, 79 Ohio St.3d 221,225, fn.2, 1997-Ohio-395. Because there has been no adjudication on the merits, there is no "final" order as required by R.C. 2505.02. See, e.g., DiCorpo v. Kelley, Cuyahoga App. No. 84609, 2005-Ohio-1863, ¶ 4;Semenchuk v. MHSP, Inc., Cuyahoga App. No. 84614, 2005-Ohio-32, ¶ 3. We therefore lack jurisdiction to hear this appeal.
Appeal dismissed.
It is, therefore, ordered that appellee recover of appellant her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY
[1] R.C. 3127.23(A) is part of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Ohio under R.C. Chapter 3127. The UCCJEA carries forward the purpose of its predecessor, the UCCJA: "To help resolve interstate custody disputes" and "avoid jurisdictional competition and conflict with courts of other jurisdictions" in custody matters. State ex rel. Morenz v. Kerr,104 Ohio St.3d 148, 2004-Ohio-6208, at]}16 (internal quotations and citations omitted). To ensure that no court of another state is currently exercising jurisdiction over a child custody proceeding concerning the same child, R.C. 3127.23(A) requires each party in a child custody case to set forth information relating to, among other things, the existence of any other pending custody proceedings involving the child, whether the person seeking custody has participated in any of those proceedings; and whether the person seeking custody knows of any other interested party who might be affected by the proceedings. *Page 1