[Cite as *Bookmasters, Inc. v. Hamilton* , 2011-Ohio-3320.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BOOKMASTERS, INC. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 COA 030 |
| DR. MATTHEW HAMILTON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Ashland County Municipal
                            Court, Case No. 09CVF00270

JUDGMENT:                   Affirmed in part; Reversed in part;
                            and Final Judgment Entered

DATE OF JUDGMENT ENTRY:     June 24, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant


BRIAN J. HALLIGAN                     TONY DALAYANIS
VALERIE A. LANG                       12 E. Excahnge St., 5th Floor
930 Claremont Ave.                    Akron, Ohio 44308
P.O. Box 455
Ashland, Ohio 44805

*Hoffman, J.*

{¶1} Defendant-appellant Dr. Matthew Hamilton appeals the September 8, 2010 judgment entry entered by the Ashland Municipal Court, which granted judgment in favor of plaintiff-appellee Bookmasters, Inc. in the amount $1,087.78.

## STATEMENT OF THE FACTS AND CASE

{¶2} We note Bookmasters, Inc. did not file a responsive appellate brief in this matter. Accordingly, pursuant to App. R. 18(C), this Court may accept Dr. Hamilton's statement of the facts and issues as correct.

{¶3} Bookmasters is a business located in Ashland, Ohio that prints, binds, warehouses, markets, fulfills orders for and distributes books and publications for authors, publishers, and other clientele. Dr. Hamilton is the author and publisher of the book, *How to Start, Operate and Fund a Non-Profit Mental Health and Substance Abuse Organization.* Dr. Hamilton is a resident of New Jersey.

{¶4} On or about January 27, 2005, Dr. Hamilton and Bookmasters entered into a contract called a "Fulfillment Proposal" whereby Bookmasters would store Dr. Hamilton's book, take purchase orders for the book, process funds, and ship the book to the purchaser. Dr. Hamilton did not come to Ashland, Ohio, to negotiate or sign the agreement between the parties. The agreement included the following language:

{¶5} "This agreement and the rights and obligations of BMI and the undersigned shall be governed by the laws of the State of Ohio and venue of Ashland County."

{¶6} Dr. Hamilton paid Bookmasters a $200.00 deposit. Bookmasters billed Dr. Hamilton monthly for its services, but Dr. Hamilton's payments to Bookmasters were delinquent, in alleged breach of the agreement.

{¶7} On August 21, 2008, Bookmasters filed a *pro se* small claims complaint in the Ashland Municipal Court under Case No. 08CVI01557 against Dr. Hamilton for breach of the agreement and on account. Dr. Hamilton filed a motion to dismiss the small claims complaint for lack of personal jurisdiction on October 1, 2008. On November 6, 2008, a Magistrate's Decision was entered granting Dr. Hamilton's motion to dismiss the complaint for lack of personal jurisdiction. Neither party has made the Magistrate's Decision granting the motion to dismiss for personal jurisdiction part of the record for this appeal.

{¶8} On January 12, 2009, the trial court issued a judgment order stating it found the Magistrate's Decision to be well taken and adopted the decision to grant Dr. Hamilton's motion to dismiss. The judgment order did not provide details of the basis for the Magistrate's Decision to grant the motion to dismiss. Bookmasters did not appeal the January 12, 2009 judgment.

{¶9} On February 20, 2009, Bookmasters filed the instant action against Dr. Hamilton with the Ashland Municipal Court under Case No. 09CVF270. Bookmasters alleged three causes of action against Dr. Hamilton including account, breach of contract, and unjust enrichment. Bookmasters requested $1,003.75 in damages, plus reasonable attorney fees and costs.

{¶10} Dr. Hamilton filed a *pro se* response to the complaint on March 11, 2009, which the trial court treated as a motion to dismiss. Therein, Dr. Hamilton argued the

second complaint could not stand because the original complaint had been dismissed for lack of personal jurisdiction; therefore, the law of the case required dismissal. Bookmasters responded to the motion, arguing pursuant to Ohio's long-arm statute, Dr. Hamilton was subject to the jurisdiction of the State of Ohio. Further, Bookmasters argued Dr. Hamilton could not raise *res judicata* in a motion to dismiss. The trial court set the matter for an oral hearing to be held on April 24, 2009. Dr. Hamilton did not appear at the hearing. The trial court denied Dr. Hamilton's motion to dismiss for lack of personal jurisdiction for Dr. Hamilton's failure to prosecute the motion. The trial court also found that *res judicata* did not apply to the matter.

{¶11} Dr. Hamilton appealed the trial court's decision to this Court under Case No. 09 COA 015. We dismissed Dr. Hamilton's appeal for lack of a final, appealable order. Dr. Hamilton filed a memorandum of jurisdiction with the Ohio Supreme Court but the Ohio Supreme Court declined jurisdiction to hear the case.

{¶12} The matter proceeded before the trial court. A bench trial was held on the matter on July 27, 2010. At trial, Dr. Hamilton's attorney again raised and argued the matter should be dismissed for lack of personal jurisdiction based upon the law of the case and further asserting no change of fact or circumstance had occurred since the first dismissal and Dr. Hamilton has never stepped foot in Ohio. The trial court treated counsel's argument as an oral motion and overruled it.

{¶13} The parties submitted proposed findings of fact and conclusions of law.[1] On September 8, 2010, the trial court found in favor of Bookmasters. The trial court

---

[1] The parties did not present evidence of attorney fees at the bench trial nor did they address this issue in their proposed findings of fact and conclusions of law.

awarded Bookmasters damages in the amount of $1,087.78, plus interest and court costs.

{¶14}  It is from this decision Dr. Hamilton now appeals.

**ASSIGNMENTS OF ERROR**

{¶15}  Appellant raises two Assignments of Error:

{¶16}  "I. THE TRIAL COURT IN ERROR PERMITTED APPELLEE TO REFILE A COMPLAINT AGAINST APPELLANT AS A SUBSTITUTE FOR APPEAL WHERE THE TRIAL COURT IN CONSIDERING THE MATTER PREVIOUSLY DISMISSES THE CASE FOR LACK OF PERSONAL JURISDICTION AGAINST APPELLANT.

{¶17}  "II. APPELLEE CANNOT RECOVER AVOIDABLE DAMAGES UNDER A BREACH OF CONTRACT THEORY WHERE APPELLEE FAILED TO REASONABLY MITIGATE ITS LOSSES."

**I.**

{¶18} Bookmasters re-filed its complaint after the trial court dismissed the original complaint for lack of personal jurisdiction, irrespective of the forum selection clause in the parties' contract requiring litigation to take place in Ashland County, Ohio. Dr. Hamilton argues the trial court erred in failing to dismiss the 09CVF270 action.

{¶19}  More specifically, Dr. Hamilton argues the trial court's previous dismissal for lack of personal jurisdiction included the merits of the case.  (Appellant's Brief at p. 2).  Because Bookmasters did not appeal that decision, when coupled with counsel's claim [made without any evidentiary proof][2] nothing had changed since then with

---

[2] During trial, Matthew Wurster, president and owner of Bookmasters, testified he had no personal knowledge of any changed fact regarding Mr. Hamilton's attendance in

respect to personal jurisdiction, the trial court's denial of his motion to dismiss violated the law of the case doctrine. Dr. Hamilton argues the trial court "vacated its previous finding" by permitting Bookmasters to proceed on the merits. (Appellant's Brief at p. 3). We disagree.

{¶20} The trial court conducted a hearing on Dr. Hamilton's motion to dismiss. Neither Dr. Hamilton nor his representative appeared for that hearing. The trial court denied his request for two reasons: failure to prosecute his motion, and a determination res judicata [law of the case] did not apply. Appellant has not challenged the trial court's decision to deny his motion based upon his failure to prosecute. Under the two issue rule, we find such reason sufficient, in and of itself, to overrule this assignment of error.

{¶21} Despite Dr. Hamilton's claim the first dismissal was on the merits, we disagree.

{¶22} In *National City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, while finding a dismissal of a complaint for lack of personal jurisdiction was a final appealable order, the Ohio Supreme Court held "…the order does not prevent the claimant from refiling its action in a court that has personal jurisdiction over a defendant that has the ability to reach the merits of the claims presented." Id. at ¶18. Therein, the Ohio Supreme Court specifically referenced Civ.R. 4.3 which provides a dismissal for lack of personal jurisdiction operates as a failure otherwise than on the merits.

Ohio since the dismissal of the previous action. Such lack of knowledge does not equate to an affirmative demonstration nothing had in fact changed.

{¶23}  We find Appellant's argument to be too little and too late.  Too little in that he offered no evidentiary quality material to support his renewed claim of lack of personal jurisdiction.  Too late in that he failed to prosecute this claim at the scheduled hearing on April 24, 2009.

{¶24}  Dr. Hamilton's first assignment of error is overruled.

**II.**

{¶25}  Herein, Dr. Hamilton asserts Bookmasters failed to show it mitigated its losses and was not credited for his initial deposit.

{¶26}  Dr. Hamilton first asserts Bookmasters could have mitigated its damages by closing the account after Dr. Hamilton's account was more than 90 days past due.  While the contract provides Bookmasters this option, it is Bookmasters' right to elect to close the account.  Bookmasters' president Matthew Wurster testified he chose not to do so because Bookmasters continued to fulfill orders and store Dr. Hamilton's book rather than ship them back to him despite the fact the account was more than 90 days overdue.  The contract specifically states storage and other related charges will continue until the account is closed.  The trial court found Dr. Hamilton never instructed Bookmasters to stop performing and never requested Bookmasters to return the books.  Based on those facts, we do not find the trial court erred in failing to find Bookmasters violated its duty to mitigate damages.

{¶27}  Dr. Hamilton also asserts the trial court erred in failing to credit Dr. Hamilton with his initial $200.00 deposit.  The contract reflected Dr. Hamilton made a $200.00 deposit and Mr. Wurster acknowledged the same.  (Tr. at 25).  Based upon our

review of Plaintiff's Exhibit 2 reflecting the account status, we agree with Dr. Hamilton, no credit appears to have been given by Bookmasters for his initial deposit.

{¶28} Appellant's second assignment of error is overruled in part and sustained in part.

By: Hoffman, J. and

Gwin, P.J. concur,

Delaney, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY

*Delaney, J., dissenting*

{¶29} I respectfully dissent from the majority opinion.

{¶30} I would sustain Appellant's first Assignment of Error and reverse the Ashland Municipal Court judgment's denying Appellant's motion to dismiss. The January 12, 2009, judgment entry was a dismissal with prejudice and a final, appealable order under the precedent set forth in *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663. Bookmasters's remedy was to file an appeal of the January 12, 2009 judgment entry rather than re-filing its complaint with the Ashland Municipal Court.

{¶31} Based upon this disposition of Appellant's first Assignment of Error, it would not be necessary to reach Appellant's second Assignment of Error.

s/ Patricia A. Delaney
JUDGE PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BOOKMASTERS, INC.                           :
                                            :
    Plaintiff-Appellee                  :
                                            :
-vs-                                        :            JUDGMENT ENTRY
                                            :
DR. MATTHEW HAMILTON                        :
                                            :
    Defendant-Appellant                 :            Case No. 10 COA 030

For the reasons stated in our accompanying Opinion, the judgment of the

Ashland County Municipal Court is affirmed in part and reversed in part.  Final judgment

is entered in favor of Bookmasters, Inc. against Dr. Hamilton in the amount of $888.78

plus interest at the rate of 4% per annum commencing September 8, 2010, and trial

court costs.  Costs of this appeal are to be split equally.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


_____
PATRICIA A. DELANEY