DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tove Adams, appeals from his conviction in the Lorain County Court of Common Pleas for sexual battery. This Court affirms.
 I. {¶ 2} On August 25, 2004, Appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(2), a first degree felony, and two counts of sexual battery, in violation of R.C 2907.03(A)(5), a third degree felony. These charges concerned events alleged to have occurred on or about May 9, 2004, and May 14, 2004 between Appellant and his natural daughter, S.A.
 {¶ 3} Appellant pled not guilty to the charges. Appellant waived his right to a jury trial. A bench trial was held, pursuant to which the court found Appellant not guilty of both counts of rape, but found him guilty of both counts of sexual battery. The court sentenced Appellant accordingly, and classified him a sexually oriented offender.
 {¶ 4} Appellant timely appealed, asserting two assignments of error for review. We address the assignments of error together.
 II. ASSIGNMENT OF ERROR I
"APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [.]"
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE AS TO COUNTS THREE (3) AND FOUR (4) OF THE INDICTMENT[.]"
 {¶ 5} In his first assignment of error, Appellant asserts that his conviction for sexual battery was against the manifest weight of the evidence. In his second assignment of error, Appellant asserts that the court erred when it denied his Crim.R. 29 motion for acquittal with respect to the sexual battery counts.
 {¶ 6} Initially, we observe that Appellant did not properly preserve for appeal the issue he assigns as error in his second assignment of error. At the close of the State's case, Appellant's counsel moved for acquittal specifically on the basis that Appellant's rape charges were not supported by sufficient evidence, without presenting an argument regarding the sexual battery charges.
 {¶ 7} It is a fundamental principle of appellate review that a court will not consider an error that an appellant was aware of, yet failed to bring to the attention of the trial court. State v. Awan (1986),22 Ohio St.3d 120, 122; State v. Williams (1977), 51 Ohio St.2d 112, 117. If a defendant sets forth specific grounds in his motion for acquittal, he or she waives review of all grounds not specified. State v. Hilton,
9th Dist. No. 21624, 2004-Ohio-1418, at ¶ 8.
 {¶ 8} Because Appellant set forth specific grounds in his Crim.R. 29 motion and those grounds did not include an argument regarding the sexual battery charges, he has waived the argument he raises in his second assignment of error. Therefore, we proceed to assess whether his convictions for sexual battery were against the manifest weight of the evidence.
 {¶ 9} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} Appellant was convicted of two counts of sexual battery, in violation of R.C. 2907.03(A)(5), which states, "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." "Sexual conduct" includes, "without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another." R.C. 2907.01(A). During his interview with detectives from the Elyria Police Department, Appellant admitted that he may have touched S.A.'s vagina, although he maintained that it was done inadvertently.
 {¶ 11} S.A. testified at trial regarding both incidents. S.A. testified that on the night of May 9, 2004, she and Appellant were sitting on the couch in her bedroom watching television. S.A. testified, "[Appellant] started playing with my hands and * * * was just fumbling with my fingers." She then started to fall asleep on the couch, but awoke to find Appellant "playing with * * * the string on [her] pants." S.A. testified that after a few minutes, Appellant began to run his finger around the top front line of her underwear, and that he then put his hand down the inside of her underwear and inserted his fingers in her vagina.
 {¶ 12} In regards to the incident that occurred on May 14, 2004, S.A. testified that she and Appellant were in the living room at night watching television. At one point, they were sitting on the same couch together, and Appellant pulled S.A. towards him and placed her legs on top of his. S.A. testified that she then got up and went into her bedroom, but that Appellant came in after her, closed the door to her room and sat down next to her on the couch. She started to fall asleep as they both watched television, but awoke to find Appellant "messing with [her] shorts," touching the velcro strap on the front of her shorts. S.A. testified that Appellant undid the velcro, put his hand inside her underwear, and inserted his fingers into her vagina.
 {¶ 13} Appellant argues that there was no physical evidence of sexual conduct. However, "the mere absence of corroborating physical evidence does not negate the testimony of a witness to a crime." See State v.Owens (Jan. 24, 2001), 9th Dist. No. 19932, at *6. "Sexual conduct," as defined above, does not require proof of trauma. See State v. Barnes
(Oct. 22, 1980), 1st Dist. Nos. C-790595, C-790622, C-790636, at *19. See, also, State v. Reinhardt, 10th Dist. No. 04AP116, 2004-Ohio-6443, at ¶ 29 (stating that physical injury is not a condition precedent in the rape conviction context); State v. Flowers (May 4, 2000), 10th Dist. No. 99AP-530, at *24. Furthermore, there is no requirement, statutory or otherwise, that a victim's testimony be corroborated as a condition precedent to a conviction. State v. Sklenar (1991), 71 Ohio App.3d 444,447, citing State v. Gingell (1982), 7 Ohio App.3d 364, 365; Statev. Love (1988), 49 Ohio App.3d 88, 91.
 {¶ 14} Appellant also complains that the court did not believe the testimony of Appellant and other witnesses that presented testimony that contradicted S.A.'s allegations. Specifically, Appellant insists that the court should have given more credence to testimony of witnesses regarding Appellant's whereabouts in the house at the time these incidents occurred. This Court has frequently stated that we will not overturn the verdict because the finder of fact chose to rely on other testimony and reasonable inferences when there is conflicting testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [finder of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at *5. It is primarily the finder of fact's duty to assess the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230, 231. As this Court has previously noted, the finder of fact
"is able to observe the witnesses testify and can evaluate body language, voice inflection, and facial expressions. These are valuable tools for assessing credibility[,] tools which are not available to an appellate court working from the record alone. As such, a [finder of fact's] assessment of credibility is entitled to considerable deference.
"The deference that is due to a [finder of fact's] assessment of credibility is reflected in the limitation placed on an appellate court in reviewing the [finder of fact's] resolution of conflicting testimony. An appellate court does not have free reign to engage in a de novo review of the [finder of fact's] resolution of conflicting testimony." (Citations omitted.) State v. Belter (Aug. 25, 1999), 9th Dist. No. 2888-M, at *13.
 {¶ 15} In this case, the trial court as the finder of fact had the primary opportunity to review all of the testimony, and weigh the evidence and credibility of each witness to reconcile any conflicting evidence. We will not usurp this role on appeal.
 {¶ 16} Based upon our review of the record, we cannot conclude that the court lost its way and created a manifest miscarriage of justice when it convicted Appellant of two counts of sexual battery. See Otten,33 Ohio App.3d at 340. Therefore, we find that Appellant's convictions for sexual battery are not against the manifest weight of the evidence.
 {¶ 17} Appellant's first and second assignments of error are overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. concur.