[Cite as *Witherspoon v. Witherspoon*, 2017-Ohio-4216.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| CHRISTOPHER M. WITHERSPOON | C.A. No. 15CA010865 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRA R. WITHERSPOON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 11DU073985 |

DECISION AND JOURNAL ENTRY

Dated: June 12, 2017

HENSAL, Judge.

{¶1} Defendant-Appellant, Terra Witherspoon, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, denying her motion for relief from judgment. For the following reasons, this Court affirms.

I.

{¶2} Plaintiff-Appellee, Christopher Witherspoon ("Husband"), filed for divorce from Defendant-Appellant, Terra Witherspoon ("Wife"), in 2011. Wife obtained counsel and filed an answer and counterclaim. Wife's counsel subsequently withdrew from representation in August 2012, and Wife proceeded pro se.

{¶3} On January 9, 2013, the parties attended a hearing before the magistrate. The magistrate's journal entry indicates that both parties were present, and reported that all disputed issues had been resolved. The magistrate, therefore, set the case for an uncontested final hearing on January 30, 2013. The order is signed by both parties. Husband's counsel subsequently

moved to continue the uncontested final hearing, which the trial court granted, and rescheduled the hearing for February 20, 2013. The hearing was further continued until March 6, 2013.

{¶4} The journal entry from the March 6, 2013, hearing indicates that the parties failed to reach an agreement, so the magistrate set the matter for trial in May 2013, and scheduled a settlement conference for April 2, and a final pretrial for April 26. The order purports to be signed by both parties. According to Wife, however, she did not attend the March 6 hearing because she never received notice of it, and the signature that appears on the related journal entry is not authentic.

{¶5} Wife did not attend the settlement conference on April 2, 2013, nor did she file a settlement conference statement. The court, therefore, set the matter for an uncontested final hearing, which Wife also did not attend. As a result, the magistrate granted Husband a divorce and dismissed Wife's counterclaim for lack of prosecution. Husband waived his right to service of the magistrate's decision, as well as his right to file objections. The court then issued its judgment entry of divorce on April 29, 2013. On August 21, 2013, the trial court – on its own initiative under Civil Rule 60(A) – issued a nunc pro tunc journal entry correcting a number of errors contained in its original judgment entry of divorce.

{¶6} According to Wife, she contacted the court in September 2013 to obtain a status update on the case and was informed that the case was closed. She asserts that she was never served with a copy of the original judgment entry of divorce, nor the subsequent nunc pro tunc entry, and that the clerk of courts told her that the court did not have her correct address. She then filed a change of address with the clerk, and obtained a copy of the original judgment entry of divorce.

**{¶7}** Wife retained counsel in April 2014, who assisted her with several post-decree matters. That attorney withdrew from representation in September 2014. Wife then retained new counsel in October 2014, and in November 2014, Wife filed a motion for relief from judgment from the divorce decree journalized in April 2013, and the subsequent nunc pro tunc entry journalized in August, 2013. In support of her motion, Wife argued that she did not attend the March 6, 2013, hearing or subsequent court dates because she never received notice of them, and that the trial court sent several notices to the wrong address. She further argued that: (1) the April 2013 divorce decree was final, but not appealable, because it failed to contain the required endorsement under Rule 58(B) (*i.e.*, a direction to the clerk to serve all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal), and she was never served with a copy; (2) the trial court's nunc pro tunc entry made substantive changes, thus violating Rule 60(A); (3) the trial court's nunc pro tunc entry did not comply with Rule 58(B), and she was never served with a copy; (4) the trial court's nunc pro tunc entry was based upon ex parte communications with Husband, who perpetrated a fraud on the trial court by claiming to be the father of both of Wife's children; and (5) she never waived her right to service of the magistrate's decision nor her right to file objections to same.

**{¶8}** The trial court held a hearing and denied Wife's motion, finding, in part, that: (1) her contention that she was not present for the March 6, 2013, hearing was not supported by the weight of the evidence; (2) she was notified that the January 30, 2013, hearing was continued until March 6, 2013; (3) she appeared in court on March 6, 2013, and signed the journal entry, which set forth two new hearing dates and times (*i.e.*, the settlement conference on April 2, 2013, and the final pretrial on April 26, 2013); (4) she did not attend the settlement conference, and the April 26, 2013, final pretrial proceeded as an uncontested final hearing; (5) she did not attend the

uncontested final hearing despite being duly notified; and (6) her testimony lacked credibility. The trial court did not address Wife's argument regarding its alleged failure to comply with Rule 58(B), among other arguments.

{¶9} Wife now appeals the denial of her motion for relief from judgment, presenting one assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE MOTION FOR RELIEF FROM JUDGMENT.

{¶10} In her assignment of error, Wife argues that the trial court erred by denying her motion for relief from judgment. We review a trial court's decision to grant or deny a Rule 60(B) motion under an abuse of discretion standard. *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-816, ¶ 13. Rule 60(B) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5);

and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), at paragraph two of the syllabus.

{¶12} Wife filed her motion for relief from judgment under Rule 60(B)(5) on November 24, 2014, more than one year after the trial court issued its judgment entry of divorce (April 29, 2013) and subsequent nunc pro tunc entry (August 21, 2013). Despite being captioned as a motion under Rule 60(B)(5), Wife argued, in part, that her Husband perpetrated a fraud upon the trial court. A claim of fraud, however, falls under Rule 60(B)(3) and must be brought within one year after the judgment. *See Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), at paragraph one of the syllabus (stating that Rule 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)."). Accordingly, the trial court did not err by declining to address her untimely argument.

{¶13} Further, Wife's arguments that relief was proper because the nunc pro tunc entry contained substantive changes and because she never waived service of the magistrate's decision or her right to object to same relied upon evidence in the record and are matters for a direct appeal. The trial court, therefore, did not err by declining to address those arguments. *Yakubik v. Yakubik*, 9th Dist. Summit No. 19587, 2000 WL 327229, *2 (Mar. 29, 2000) ("It is axiomatic that Civ.R. 60(B) may not be used as a substitute for a direct appeal.").

{¶14} Further yet, Wife's argument that the absence of a Rule 58(B) endorsement on the divorce decree rendered it a final, but not appealable order, lacked merit. As this Court has stated, the trial court's failure to endorse its judgment entry as required under Rule 58(B) results in the time for filing an appeal being tolled. *Malmon-Berg v. Malmon-Berg*, 9th Dist. Wayne

No. 13CA0005, 2014-Ohio-1784, ¶ 12; *Blair v. Wallace*, 9th Dist. Summit No. 24819, 2010-Ohio-2734, ¶ 13. Service under Rule 58(B) does not affect the validity or finality of the judgment. Civ.R. 58 (stating that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment * * *."); *State ex rel. Young v. Gall*, 8th Dist. Cuyahoga No. 102983, 2015-Ohio-3481, ¶ 3 (stating that failure to comply with Rule 58(B) does not affect the finality of the order). Therefore, Rule 60(B) is not a proper vehicle or method to contest or address the validity of Rule 58(B) service.

{¶15} We turn, then, to Wife's argument that she did not receive notice of certain hearings. *See Credit Trust Corp. v. Wright*, 9th Dist. Summit No. 20649, 2002 WL 185271, *3 (Feb. 6, 2002) (noting that failure of service constitutes good grounds for a trial court to vacate a judgment under Rule 60(B)(5)). This Court has held that "an uncontradicted sworn statement is ordinarily sufficient to overcome a presumption that notice sent was actually received." *Mtge. Electronic Registration Sys., Inc. v. Akpele*, 9th Dist. Summit No. 21822, 2004-Ohio-3411, ¶ 13. This, however, does not preclude the opposing party from requesting a hearing on the issue and eliciting contradictory testimony. *First Merit Bank v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010-Ohio-1339, ¶ 10. At such a hearing, "[t]he trial court may find that the evidence of non-service lacks credibility or that there is insufficient evidence of non-service." *In re H.T.*, 9th Dist. Summit No. 24087, 2008-Ohio-3436, ¶ 21. Importantly, "[a]ctual service need not be proved in order to contradict even a sworn affidavit attesting to non-service." *Id.*

{¶16} Here, Wife submitted a sworn statement averring, in part, that: (1) she was not present in court on March 6, 2013, because she never received notice of that hearing date; (2) although the judgment entry from March 6, 2013, purportedly bears her signature, she did not sign it; (3) she did not attend the April 2, 2013 or April 24, 2013 court dates (both of which dates

were included in the court's March 6, 2013, journal entry) because she was not notified of those dates. At the hearing on her motion, Wife testified that someone must have defrauded the court by forging her signature on the March 6, 2013, journal entry. Wife, however, acknowledged that the court's docket indicated that it served her with the March 6, 2013, journal entry and that the court's file did not contain a returned envelope indicating that service was not perfected.

{¶17} As previously noted, the trial court denied Wife's motion, concluding that her testimony regarding her failure to receive notice of certain hearings lacked credibility. The trial court's credibility determination is entitled to considerable deference and we will not disturb that determination on appeal. *State v. Adams*, 9th Dist. Lorain No. 05CA008685, 2005-Ohio-4360, ¶ 14, quoting *State v. Belter*, 9th Dist. Medina No. 2888-M, 1999 WL 642907, * 5 (Aug. 25, 1999); *N. Ridgeville v. Elliott*, 9th Dist. Lorain, Nos. 05CA008686, 05CA008687, 2006-Ohio-3332, ¶ 15. We cannot say that the trial court abused its discretion by denying Wife's motion for relief from judgment on that basis. *In re H.T.* at ¶ 21. Accordingly, Wife's assignment of error is overruled.

III.

{¶18} Ms. Witherspoon's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

PATRICK D. RILEY, Attorney at Law, for Appellee.