[Cite as *K.L. v. Petruziello*, 2022-Ohio-992.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

K.L.

and

T.L.

     Appellees

     v.

ANTHONY PETRUZIELLO

     Appellant

C.A. No.     21CA011724

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     19NU086082

DECISION AND JOURNAL ENTRY

Dated: March 28, 2022

CARR, Presiding Judge.

{¶1} Appellant, Anthony Petruziello, appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} K.L and T.L. were married in 2010. In 2019, K.L and T.L. filed a joint petition for dissolution of marriage with a separation agreement and shared parenting plan. On July 11, 2019, the trial court issued a judgment entry of dissolution and adopted the parties' separation agreement and shared parenting plan. The shared parenting plan set forth guidelines for the care of P.L., who was born in 2008, and M.L., who was born in 2011.

{¶3} On July 9, 2020, Petruziello filed a motion to intervene, a motion to declare void the marriage dissolution and shared parenting plan, a motion for relief from judgment, and a

motion for companionship rights with P.L. Petruziello's central contention in support of his claims was that he was P.L.'s biological father and he was denied an opportunity to assert his rights when the trial court adopted K.L. and T.L.'s shared parenting plan without allowing him to participate in the proceedings. K.L. and T.L. filed a memorandum in opposition to the motions on the basis the pertinent issues contained therein had been previously litigated in Cuyahoga County. Petruziello filed a reply brief in support.

{¶4} Petruziello subsequently filed a motion to join P.L. as a new party and appoint a guardian ad litem. K.L. and T.L. opposed this motion as well.

{¶5} After a status conference, the trial court issued a journal entry finding that Petruziello's motions for relief from judgment and to declare void the dissolution of marriage and shared parenting plan presented threshold issues that needed to be resolved before the trial court could consider Petruziello's other motions. The trial court named Petruziello a party in the action for the limited purpose of litigating his Civ.R. 60(B) motion and his motion to declare void the marriage dissolution and shared parenting plan.

{¶6} In light of the COVID 19 pandemic, the parties appeared for a conference via Zoom where they presented oral arguments. The trial court subsequently issued a journal entry denying Petruziello's motion for relief from judgment as well as his motion to declare void the marriage dissolution and shared parenting plan.

{¶7} On appeal, Petruziello raises two assignments of error. This Court consolidates Petruziello's assignments of error to facilitate review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED PETRUZIELLO'S MOTION
FOR RELIEF FROM JUDGMENT AND MOTION TO DECLARE

DISSOLUTION AND SHARED PARENTING PLAN VOID, WHERE APPELLEES COMMITTED FRAUD BY INTENTIONALLY FAILING TO ACCURATELY DISCLOSE ALL OF THE FACTS ABOUT THE MINOR CHILD ON THE UCCJEA AFFIDAVITS WHICH THEY FILED WITH THIS COURT IN CONNECTION WITH THEIR PETITION FOR DISSOLUTION OF MARRIAGE.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT RULED THAT RES JUDICATA BARRED PETRUZIELLO [FROM RELIEF] FROM JUDGMENT TO SEEK COMPANIONSHIP RIGHTS WITH P.L. PURSUANT TO [R.C.] 3109.051.

**{¶8}** In his first assignment of error, Petruziello contends that the trial court improperly denied his motions for relief from judgment and to declare void the marriage dissolution and shared parenting plan because K.L. and T.L. fraudulently withheld information about ongoing litigation involving Petruziello in Cuyahoga County at the time they filed their petition for dissolution of marriage. In his second assignment of error, Petruziello maintains that the trial court erred when it applied the doctrine of res judicata.

**{¶9}** This Court reviews a trial court's ruling on a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *Smith v. Smith*, 9th Dist. Summit No. 28961, 2019-Ohio-129, ¶ 6. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶10}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Witherspoon*

*v. Witherspoon*, 9th Dist. Lorain No. 15CA010865, 2017-Ohio-4216, ¶ 11, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶11}** Civ.R. 60(B) states as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶12}** Although Petruziello raised a number of arguments in support of his Civ.R. 60(B) motion, his foremost contention was that he was entitled to relief from judgment pursuant to Civ.R. 60(B) because K.L and T.L. fraudulently concealed information about ongoing litigation regarding P.L.'s parentage in Cuyahoga County.

**{¶13}** At the hearing on his motions, Petruziello stated that he filed his Civ.R. 60(B) motion because K.L. and T.L committed an "absolute misrepresentation" when they did not disclose that they were involved in litigation over the parentage of P.L. at the time they filed their petition for dissolution of marriage. Petruziello suggested that in addition to not accurately filling out the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") affidavits attached to their petition, K.L. and T.L. filed their petition in Lorain County in an attempt to prevent Petruziello from gaining knowledge of the proceedings. According to Petruziello, this resulted in issues with subject matter jurisdiction and further prevented the trial court from possessing the

facts necessary to make a best interest determination regarding P.L. Petruziello further stated as follows:

> Unfortunately, the United Parentage Act of Ohio, the UPA, doesn't allow a provision for a biological father who has been put out of the picture, either intentionally or by inadvertence, it doesn't allow him to rescind the acknowledgment of paternity of another man. So Mr. Petruziello was attempting to do that in Juvenile Court in Cuyahoga County, and that case was not over.

{¶14} Prior to permitting K.L. and T.L. to respond, the trial court inquired of Petruziello regarding several issues. Petruziello admitted that K.L. and T.L. noted in their UCCJEA affidavits that the Cuyahoga County Juvenile Court had issued a decision in 2019 finding that Petruziello was statutorily barred from challenging K.L.'s acknowledgement of paternity as to P.L. While Petruziello further conceded that the judgment was ultimately affirmed on appeal, he stressed that K.L and T.L. neither disclosed that an appeal was pending in that case when they filed their petition for marriage dissolution, nor gave him notice of the marriage dissolution proceeding. With respect to jurisdiction, Petruziello suggested that K.L and T.L. could waive venue but he argued that their factual misrepresentations divested the trial court of subject matter jurisdiction under *Pasqualone v. Pasqualone*, 63 Ohio St.2d 96 (1980).

{¶15} In response, K.L. and T.L. argued that the language contained in their UCCJEA affidavits was sufficient to put the trial court on notice of the proceedings in Cuyahoga County. K.L. and T.L stressed that the Eighth District Court of Appeals had affirmed the trial court's judgment, meaning that Petruziello's motion for relief from judgment was effectively a substitute for an appeal regarding parentage issues. K.L. and T.L. suggested that it was misleading for Petruziello to couch his request in terms of companionship rights, as opposed to parental rights, because he never had a relationship with P.L. K.L and T.L. further noted that they filed their

petition for marriage dissolution in Lorain County simply to protect their children's privacy and that Petruziello had failed to raise a credible challenge regarding venue or jurisdiction.

{¶16} In its order denying Petruziello's motions, the trial court found that the Cuyahoga County Juvenile Court issued a judgment entry in 2019 "holding that [K.L.] was the legal father of the minor child, P.L., having established paternity by law and dismissing Mr. Petruziello's paternity action seeking to establish paternity of P.L." The trial court noted that this judgment was affirmed by the Eighth District on appeal in *In re P.L.*, 8th Dist. Cuyahoga No. 108312, 2019-Ohio-4681. In discussing the Eighth District's decision, the trial court stated as follows:

> "[The] acknowledgment of paternity became final and enforceable, and established that [K.L.], who signed the acknowledgment of paternity, was the legal father of [P.L.] and that Mr. Petruziello's request to rescind the acknowledgment of paternity and a declaration that he was the biological father of [P.L.] was neither contemplated nor authorized under the current version of R.C. Chapter 3111."

{¶17} While the trial court acknowledged the Supreme Court's decision in *Pasqualone* regarding subject matter jurisdiction, it noted that the high court had subsequently recognized in *In re Palmer*, 12 Ohio St.3d 194, 197 (1984), that the best interests of the child was the paramount concern and that a mechanistic interpretation of the disclosure statutes could undermine the best interest determination. In regard to this case, the trial court determined that the UCCJEA affidavits filed by K.L. and T.L. complied with R.C. 3127.23 because they placed the trial court on notice of the parentage case in Cuyahoga County. The trial court further found that because Petruziello was not P.L.'s legal parent, K.L. and T.L. were not obligated to give him notice of the marriage dissolution proceedings in Lorain County. Furthermore, stressing that the acknowledgement of paternity was executed on May 14, 2008, the trial court found that Petruziello had failed to identify any law that would allow the court to rescind or nullify the acknowledgment of paternity. The trial court observed that "[i]t is apparent to this [c]ourt that Mr. Petruziello is seeking the same

relief he attempted to obtain in Cuyahoga County and the Eighth District Court of Appeals who previously denied his request[]" and that vacating or declaring void the marriage dissolution and shared parenting plan would effectively permit Petruziello to have "a second bite of the apple[.]"

Discussion

**{¶18}** On appeal, Petruziello contends that the trial court wrongly denied him relief from judgment because he demonstrated fraud. Petruziello maintains that K.L. and T.L. violated R.C. 3127.23(A) by concealing the ongoing litigation in Cuyahoga County on the affidavits that they filed with their petition for marriage dissolution.[1] Petruziello points to the Supreme Court's decision in *Pasqualone*, 63 Ohio St.2d at 99, in support of the proposition that, under former R.C. 3109.27, it was at one time a mandatory jurisdictional requirement in an action for custody that a parent disclose any knowledge of custody proceedings in a different jurisdiction. Although Petruziello concedes that "the *Pasqualone* mandatory jurisdictional requirement has been relaxed," he argues that the concealment which occurred in this case rendered the trial court unable to adjudicate the rights of the parties and make a valid best interest determination regarding P.L.

**{¶19}** Ohio's UCCJEA is codified in R.C. Chapter 3127. R.C. 3127.23(A) requires parties in a custody action to file an affidavit disclosing certain information, including:

> (1) Whether the party has participated as a party, a witness, or in any other capacity in any other proceeding concerning the allocation, between the parents of the same child, of parental rights and responsibilities for the care of the child including any designation of parenting time rights and the designation of the residential parent and legal custodian of the child or that otherwise concerned the custody of or visitation with the same child and, if so, the court, case number and the date of the child custody determination, if any;

---

[1] It is well settled that Civ.R. 60(B) may not be used as a substitute for appeal. *See Cooley v. Sherman*, 9th Dist. Lorain No. 05CA008860, 2006-Ohio-6065, ¶ 12. We reach the merits of Petruziello's argument to the extent that he contends that the alleged concealment of the proceedings in Cuyahoga County rendered trial court's adoption of the shared parenting plan void and that the trial court should have exercised its inherent authority to vacate that judgment.

(2) Whether the party knows of any proceedings that could affect the current proceeding, including proceedings for enforcement of child custody determinations, proceedings relating to domestic violence or protection orders, proceedings to adjudicate the child as an abused, neglected, or dependent child, proceedings seeking termination of parental rights, and adoptions, and, if so, the court, the case number, and the nature of the proceeding;

(3) Whether the party knows of any person who is not a party to the proceeding and has physical custody of the child or claims to be a parent of the child who is designated the residential parent and legal custodian of the child or to have parenting time rights with respect to the child or to be a person other than a parent of the child who has custody or visitation rights with respect to the child and, if so, the names and addresses of those persons.

{¶20} "[I]t is noteworthy that the purpose of R.C. 3127.23(A)'s affidavit requirement is to prevent multiple contradictory rulings from different courts/jurisdictions on the issue of custody." *In re Dissolution of the Marriage of Smith & Smith*, 11th Dist. Portage No. 2014-P-0056, 2015-Ohio-5522, ¶ 21, citing *In re S.K.*, 8th Dist. Cuyahoga No. 89068, 2008-Ohio-1256, ¶ 2, fn. 1. "It is not intended to be used to vacate proceedings between two parties when there were no existing matters relating to custody in a different jurisdiction." *In re Dissolution of the Marriage of Smith and Smith* at ¶ 21.

{¶21} In this case, Petruziello has not demonstrated that K.L. and T.L. failed to comply with the disclosure requirements in R.C. 3127.23(A). When K.L. and T.L. filed their petition for dissolution of marriage and shared parenting plan, both parties checked a box on their respective UCCJEA affidavits indicating that they had "information concerning other civil cases that could affect the current case[.]" K.L. and T.L. further averred that a complaint to establish a parent-child relationship had been filed in the Cuyahoga County Juvenile Court and that a judgment entry was issued on February 27, 2019. That judgment was eventually affirmed on appeal. *See In re P.L.*, 2019-Ohio-4681, at ¶ 1. While K.L. and T.L. did not mention an ongoing appeal, the information they provided was sufficient to put the trial court on notice of the litigation in Cuyahoga County

initiated by Petruziello. A more rigid application of R.C 3127.23(A) would frustrate the statute's underlying purpose. *See generally In re Dissolution of the Marriage of Smith and Smith* at ¶ 21. Accordingly, we cannot say that the trial court abused its discretion in concluding that Petruziello failed to establish fraud for the purposes of Civ.R. 60(B) with respect to the UCCJEA affidavits.

**{¶22}** Petruziello's first assignment of error is overruled.

**{¶23}** In his second assignment of error, Petruziello claims that the trial court erred in applying the doctrine of res judicata in this case because he was seeking companionship rights pursuant to R.C. 3109.051 in this matter and that issue was not litigated in the Cuyahoga County proceedings.

**{¶24}** As noted above, the trial court found that Petruziello was attempting to use his Civ.R. 60(B) motion to relitigate issues that had been decided in Cuyahoga County. It is well settled that a motion for relief from judgment filed pursuant to Civ.R. 60(B) is not a substitute for an appeal. *Thompson v. Summit Pain Specialists, Inc.*, 9th Dist. Summit Nos. 27635, 27638, 2016-Ohio-7030, ¶ 16. "[E]rrors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment." *Fowler v. Fowler*, 9th Dist. Medina No. 15CA0079-M, 2016-Ohio-5768, ¶ 15, quoting *Kelm v. Kelm*, 73 Ohio App.3d 395, 399 (10th Dist.1992). Both in his motions and throughout the proceedings below, Petruziello asserted that K.L. and T.L. had gone to great lengths to deny him the due process rights and parenting rights that he was owed as P.L.'s biological father. Petruziello suggested on numerous occasions that the alleged deception dated back to before P.L. was born. It is evident that Petruziello's aim in filing the motion for relief from judgment and motion to declare void the dissolution of marriage and shared parenting plan was to circumvent the result of the proceedings in Cuyahoga County where it was determined that he did not have a legal recourse to challenge the acknowledgment of

paternity that was executed in 2008. As such, the trial court properly recognized that Petruziello was attempting to use the mechanism in Civ.R. 60(B) as a substitute for appeal in the Cuyahoga County proceedings.

{¶25} Petruziello's second assignment of error is overruled.

III.

{¶26} Petruziello's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.

SUTTON, J.
CONCUR.

APPEARANCES:

MARY C. SOTERA, Attorney at Law, for Appellant.

CARA SANTOSUOSSO and MARK S. BENNETT, Attorneys at Law, for Appellees.